**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

v.                              Case No. 4:14-CR-00191-2 BSM

**BRIAN L. MAHANEY**                                                                        **DEFENDANT**

**ORDER**

The United States's motion for leave to file a sur reply [Doc. No. 1227] is granted. The motion for release [Doc. No. 1210] is denied.

**I. BACKGROUND**

Mahaney was sentenced to 120 months imprisonment in August, 2017, for conspiracy to possess with intent to distribute and distribution of methamphetamine.

He is incarcerated at Forrest City Federal Correctional Institution's low security facility. He has asthma and type 2 diabetes. He asserts that hygiene and social distancing conditions at Forrest City are deplorable, and he tested positive for COVID-19. Br. Supp. Mot. Release at 1–2, Doc. No. 1211.

**II. LEGAL STANDARD**

A court may reduce a term of imprisonment pursuant to 18 U.S.C. section 3582(c)(1)(A) if, after considering the section 3553(a) factors, "extraordinary and compelling" reasons warrant reduction, and reduction is consistent with the United States Sentencing Commission's policy statements. 18 U.S.C. § 3553(a) (factors include: nature and circumstances of offense; defendant's history and characteristics; need for sentence

imposed; available sentences for defendant; kinds of sentence and sentencing range for defendant's category of offense; need to avoid unwarranted sentence disparities among defendants with similar records convicted of similar conduct). A defendant who is not a danger to the community may be released if he demonstrates extraordinary and compelling reasons relating to his medical condition, age, family circumstances, or "other reasons" beyond or in combination with the aforementioned reasons, as determined by the BOP. *See* U.S. Sentencing Guidelines Manual § 1B1.13, Application Note 1 (U.S. Sentencing Comm'n 2018).

### III. DISCUSSION

Mahaney has exhausted his administrative remedies by requesting release from the warden more than thirty days ago. It is clear from his submission that he was raising concerns about the COVID-19 outbreak. Mot. Leave to File Sur Reply Ex. A, Doc. No. 1227-1.

To the extent that the motion seeks placement in home confinement rather than compassionate release, it is denied because placement decisions are made by the Bureau of Prisons and are not reviewable. *See United States v. Gray*, Case No. 4:12-CR-54-FL-1, 2020 WL 1943476 at *3 (E.D.N.C. April 22, 2020).

Mahaney's motion is denied. Unfortunately, his medical conditions do not constitute extraordinary and compelling circumstances. *See United States v. Osborne*, Case No. 4:05-CR-00109 BSM at 3, Doc. No. 798 (risk of worsened COVID-19 symptoms due to asthma not extraordinary or compelling circumstances warranting release). Even the fact that

Mahaney tested positive for COVID-19 is not grounds for release by a judicial order. First, he already tested positive, meaning it would be futile to release him in hopes that he could avoid the virus. Second, to the extent that his presence in prison makes him a risk to other inmates, he tested positive over two weeks ago, so it is likely the virus ran its course. To the extent that Mahaney may exhibit symptoms or complications, the record does not indicate that he would get better healthcare out of prison than in.

Mahaney still has much of his sentence left to serve. Mahaney asks for consideration of Judge Holmes's statements at sentencing that Mahaney might not be deserving of the mandatory minimum sentence he received. *See* Reply at 2–3, Doc. No. 1224. A motion for release, however, is not a way around a potentially unjust, but statutorily mandated sentence.

## IV. CONCLUSION

For the forgoing reasons, the United States's motion for leave to file a sur reply [Doc. No. 1227] is granted. The motion for release [Doc. No. 1210] is denied.

IT IS SO ORDERED this 13th day of July, 2020.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE